BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1901.

---

MICHAEL TANSEY, Appellant, v. KANSAS CITY, PITTSBURG & GULF RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, October 21, 1901.

Account: COMPROMISE: SETTLEMENT: FRAUD: DURESS: ANSWER: REPLY: PLEADING. Where the answer to a suit on an account sets up that the amount due on the account was in dispute, and that it was compromised and settled between the parties and the amount agreed on was paid in full by the defendant, it is incumbent on the plaintiff, to avoid the force and effects of this compromise and settlement, to allege in his reply, and establish by evidence, fraud, mistake, or a species of duress in the procurement of the settlement.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) This being an appeal from an order sustaining a motion for a new trial, the question is as to the sufficiency of the reasons stated in the order as a basis for the action of the court.   Miller v. Madison Car. Co., 130 Mo. 517; Bradley v. Reppel, 133 Mo. 545; Folding Bed Co. v. Railroad, 148 Mo. 478.   (2) The court below committed no error in inserting the words "in good faith" in the instructions, thereby requiring the jury to find that there was a bona fide dispute between the parties, which was compromised, in order to defeat plaintiff.   6 Am. and Eng. Ency. of Law, p. 714; Lang v. Towl, 42 Mo. 545; Rhinehart v. Bills, 82 Mo. 534; Riley v. Kershaw, 52 Mo. 226.

*Cyrus Crane* and *W. S. Gabriel,* for respondent.

(1) The question of good faith, under the pleadings and evidence, was not properly submitted to the jury.   Maack v. Schneider, 51 Mo. App. 101; School Board v. Hull, 72 Mo. App. 409; Perkins v. Headley, 49 Mo. App. 556; Deutman v. Kilpatrick, 46 Mo. App. 629.   (2) Plaintiff could not show bad faith on part of defendant in the settlement of his claim under the general denial contained in his reply.   Patterson on Mo. Code Pl., sec. 577; Moore v. Ringo, 82 Mo. 468; Musser v. Adler, 86 Mo. 445; Agr. & Mech. Ass'n v. Delano, 108 Mo. 217.

BLAND, P. J.—Defendant employed the plaintiff to do the grading and bridge work in the construction of a spur about three miles long, running from its main track in Sabine parish, in the State of Louisiana, known as the Christie spur.

The contract was evidenced by the following memorandum in the form of a telegram from Robert Gilham, defendant's chief engineer, to G. Knoble, a division engineer working under Gilham, to-wit:

"Kansas City, April 27, 1897.

"Tansey agrees to have grading completed about August first. Have arranged with him to do this work by force account—teams three and one-half dollars per day; ten per cent added for supervision and tools. He understands the work must be rushed. Do not allow it to drag under any circumstances. Will give free transportation for teams and men from Shreveport to the work and back."

Knoble was directed by Gilham to take charge of, and supervise the work. Knoble placed R. P. Jackson, a sub-engineer, in charge of the work and employed Malachai Tansey, a brother of the plaintiff, as head boss of the men and teams engaged on the work. Both Jackson and Malachai Tansey kept the time of the men and teams engaged on the work. The plaintiff's time was mostly taken up in procuring men and teams to do the work, getting supplies and bridge timbers. Jackson was present during all the time the work was going on. Knoble gave the work occasional inspection. The work was finished about August 5, 1897. After the work was completed, Knoble, from the time-books kept by Jackson and Malachai Tansey, made up a statement of the amount due the plaintiff for the work, and after disallowing two hundred dollars claimed by plaintiff, approved his account for eighteen thousand and fifty-six and thirty-seven one-hundredths dollars, and forwarded the statement of the account with his approval indorsed thereon to Gilham at Kansas City. Plaintiff in a few days thereafter went to Kansas City to get the cash on his account. Gilham refused to pay the account, claiming that the work cost too much; that he had an estimate made by his engineer that the work would not cost over twelve thousand dollars, and offered to settle the account if plaintiff would deduct seven thousand dollars therefrom. This plaintiff refused to do. Gilham then offered to settle if plaintiff would deduct **four**

thousand dollars. This offer was also rejected by plaintiff. Plaintiff was indebted to S. S. Hunter, a wholesale grocer at Shreveport, who had furnished him with both money and supplies during the progress of the work, in a sum exceeding twenty thousand dollars. He also owed Jules Dreyfus five hundred and ninety-one and seventy-nine one-hundredths dollars. Hunter was anxious for a settlement between plaintiff and defendant and made a trip to Kansas City in company with plaintiff for the purpose of effecting the settlement with Gilham. The effort was without result, Gilham insisting that the work cost too much and Tansey refusing to discount the account for more than eighteen hundred dollars. After this, Hunter pressed Tansey to make some kind of a settlement, telling him that he could not afford to carry so large an account against him and wait the result of a lawsuit between him and the company for his money, and if some settlement was not made with the company he would have to attach him. Dreyfus also urged Tansey to make a settlement. About this time Knoble informed Hunter, Dreyus and Tansey that the claim could be settled if Tansey would deduct twenty-five hundred dollars from it. Tansey agreed to settle on this basis and gave Hunter the following written authority to make a settlement of the account, to-wit:

"Phoenix Hotel, November 27, 1897.

"I hereby authorize S. S. Hunter to settle my claim against the Kansas City, Pittsburg and Gulf Railroad Company for work done on Christie Spur, and receipt for the same in my name.

(Signed)                    "MIKE TANSEY."

Armed with this authority, Hunter went to Kansas City and settled the claim for fifteen thousand, five hundred and

fifty-six and thirty-seven one-hundredths dollars principal, and two hundred and forty-one and twelve one-hundredths dollars accrued interest, and receipted the account in full for Tansey.

This settlement was pleaded by defendant in bar of the suit. The reply was a general denial. The verdict was for the plaintiff.

The court, on motion of the defendant, granted a new trial on the ground that it erred in instructions given and that it should have directed the jury to find for the defendant as requested by the defendant. From the order granting a new trial, plaintiff appealed.

We think the court ruled correctly in holding that a peremptory instruction should have been given to find for the defendant. The answer is that the amount due on the account was in dispute and that it was compromised and settled between them, and the amount agreed upon paid in full by the defendant. The plaintiff in his testimony denied that he authorized the settlement and repudiated the action of Hunter. The evidence shows beyond doubt that plaintiff did authorize Hunter to make the settlement and agreed to receive in full of the account, the sum received by Hunter from the railroad company. To avoid the force and effect of this compromise and settlement, it was incumbent on the plaintiff to allege in his reply and establish by evidence, fraud, mistake or a species of duress in the procurement of the settlement. Courtney v. Blackwell, 150 Mo. 245; Mateer v. Mo. Pac. Ry. Co., 105 Mo. 320. The amount claimed was not a liquidated demand. Knoble had no authority to allow demands against the company. In this respect his authority went no further than to approve or disapprove accounts for work done under his supervision and to forward the account indorsed by him to Gilham, the chief engineer, for final ac-

tion. When Gilham received the account of plaintiff, he at once denied that it was just and asserted that the work had cost too much, and there was little, if anything, in the evidence to indicate that he acted in bad faith in this regard. In this state of evidence, it can not be said that plaintiff's claim was a liquidated demand or that the amount due was not a matter in dispute, and the case does not come under the rule that payment of a part of a debt or of liquidated damage is not satisfaction of the whole debt even when the creditor agrees to receive part for the whole and gives a receipt in full.

The judgment is affirmed. *Goode, J.*, concurs; *Barclay, J.*, not sitting, having been of counsel.